

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00286-CV

Roberto **LAZOS**,
Appellant

v.

**STATE FARM LLOYDS**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-16-78
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  January 24, 2018

AFFIRMED

This is an appeal from a trial court's order granting summary judgment in favor of appellee State Farm Lloyds with regard to appellant Roberto Lazos's Texas Insurance Code and common law bad faith claims.  The trial court concluded State Farm's payment of an appraisal award precluded Lazos's claims as a matter of law pursuant to this court's decision in *Garcia v. State Farm Lloyds*, 514 S.W.3d 257 (Tex. App.—San Antonio 2016, pet. denied).  On appeal, Lazos raises a single issue, arguing this court must reconsider its *Garcia* decision in light of the Texas Supreme Court's decision in *USAA Tex. Lloyds Co. v. Menchaca*, 60 Tex. Sup. Ct. J. 672, 2017

WL 1311752 (Tex. Apr. 7, 2017). We recently addressed this same issue in *Ortiz v. State Farm Lloyds*, No. 04-17-00252-CV, 2017 WL 5162315 (Tex. App.—San Antonio Nov. 8, 2017, pet. filed) (mem. op.). Based on our analysis and holding in *Ortiz*, we affirm the trial court's summary judgment in this case.[1]

### BACKGROUND

In 2014, Lazos suffered property damage as a result of a wind and hailstorm. Lazos's property was covered by an insurance policy issued by State Farm. Lazos submitted a claim, but State Farm found the alleged property damage failed to exceed the policy's deductible. Accordingly, State Farm completed its claim adjustment, making no payment. Thereafter, Lazos filed suit against State Farm, seeking damages for wrongful denial and underpayment of his claim. After suit was filed, State Farm invoked the appraisal clause in Lazos's insurance policy. Through the appraisal process, it was determined that Lazos suffered property damage in the amount of $2,383.64 — an amount higher than the damage estimate originally asserted by State Farm. As a result of the appraisal, State Farm paid Lazos $1,043.08, the amount of damage determined by the appraisal less the deductible and recoverable depreciation.

State Farm filed a motion for summary judgment, arguing it was entitled to a take-nothing summary judgment on Lazos's breach of contract and extra-contractual claims based on this court's decision in *Garcia.* The trial court granted State Farm's motion for summary judgment, rendering a take-nothing judgment in favor of State Farm. Lazos then perfected this appeal.

---

[1] In the appellant's brief in *Ortiz*, appellate counsel for Ortiz admits the legal arguments in *Ortiz*, this appeal, and *Alvarez v. State Farm Lloyds*, No. 04-17-00251-CV "are identical." The appellants in these three appeals are represented by the same appellate counsel.

**ANALYSIS**

As noted above, in his sole appellate issue Lazos contends we must reconsider our *Garcia* decision in light of the supreme court's decision in *Menchaca.* However, we recently decided this issue in *Ortiz* contrary to Lazos's position. *See* 2017 WL 5162315, at *1. In *Ortiz*, we recognized that under our decision in *Garcia*, an insurer's payment of an appraisal award entitles the insurer to summary judgment on an insured's contractual and extra-contractual claims. *Id.* at *1–2 (citing *Garcia*, 514 S.W.3d at 264–65, 276–79). We then analyzed the supreme court's decision in *Menchaca* to determine whether it required us to revisit our holding in *Garcia.* After analyzing *Menchaca*, we held: (1) it does not involve the payment of an appraisal award, and (2) nothing in the "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context" required us to revisit *Garcia* or reverse the summary judgment in favor of State Farm. *Id.* at *2–*3 (quoting *Menchaca*, 2017 WL 1311752, at *4). Thus, we held there was nothing in *Menchaca* requiring that we revisit our decision in *Garcia. See id.* We hold our decision in *Ortiz —* holding that *Menchaca* does not change our prior holding in *Garcia —* controls this appeal and compels us to overrule Lazos's appellate issue. *See id.*

**CONCLUSION**

Accordingly, because State Farm paid the appraisal award in this case, and Lazos has failed to assert any ground for setting aside the appraisal award or present evidence of an act so extreme that it caused him injury independent of his claim under the policy, we hold summary judgment was properly granted on Lazos's contractual and extra-contractual claims. *See Garcia*, 514 S.W.3d at 265, 278–79.

Marialyn Barnard, Justice